OPINION
{¶ 1} Douglas Hammond appeals from a judgment adopting a magistrate decision and permanent order of protection granted against him and in favor of his former wife, Tracy Swann. On appeal, Hammond claims that the permanent protection order is against the manifest weight of the evidence. Swann has not appeared in this court.
 {¶ 2} The matter was heard by the court's magistrate and final judgment was entered after Hammond's objections were overruled.
 I. {¶ 3} Although the parties and their witnesses testified to conflicting versions of the operative facts, it is clear that the parties are the parents of two sons, of whom Hammond — their father — has custody, and that the altercation resulting in the permanent protection order resulted from Hammond's changing his mind about the boys' visitation with their mother during the upcoming weekend.
 {¶ 4} The magistrate determined that during the altercation, Hammond had grabbed Swann's left forearm, bruising it. This finding was supported by Swann's testimony and photographic evidence.
 {¶ 5} Hammond contends that Swann was the actual aggressor, confronting him while he and their son Billy were in Hammond's pickup truck as they were about to leave the parking lot after a Little League game. He points to the magistrate's express disbelief of Swann's and her boyfriend's testimony about Hammond threatening her after he was arrested. It is fundamental that the fact finder may believe all, any part of, or none of a witness' testimony. The fact that the magistrate disbelieved the testimony that Hammond had threatened Swann does not preclude his finding that he grabbed her arm and bruised it.
 {¶ 6} Hammond next claims that the magistrate improperly discounted the testimony of Earl Elworth, "the only disinterested witness." Elworth corroborated Billy's testimony that his father did not touch his mother. The magistrate observed that Elworth was "not a wholly disinterested witness as his son plays on a baseball team coached by (Hammond)." Furthermore, the magistrate found it difficult to believe that given his vantage point, Elworth would have seen no flailing or movement of arms inside the truck, Billy having previously testified that his mother was halfway into the truck through the passenger side window, leaning over him and swinging at his father, and that he was swinging his arms to get his mother out of the truck. The magistrate also found it "difficult to believe" that Elworth never heard Hammond say "even one word." These observations are all rooted in the evidence and are not an unreasonable basis for giving Elworth's testimony "only limited weight."
 {¶ 7} Hammond also argues that it was he who requested police photographs, and that there "is no finding" that he has a pattern or history of violence against Swann. For what it is worth, Swann testified that Hammond was violent toward her during their marriage, which ended in the early nineties. In any event, we fail to see how these matters are significant.
 {¶ 8} Swann admitted that some of her bruising resulted from her confronting Hammond in his truck. She also testified that Hammond grabbed her arm and she produced photographic evidence of bruising from having been grabbed. The evidence supported a determination that Swann leaned into Hammond's truck, through the passenger window and across her son, to confront Hammond and that during the course of this altercation, Hammond grabbed Swann's arm and bruised it.
 {¶ 9} We are not satisfied that the magistrate lost his way in this testimonial thicket.
 {¶ 10} The assignment of error is overruled.
 II. {¶ 11} The judgment will be affirmed.
Fain, P.J. and Grady, J., concur.